# Exhibit A



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK

## CIVIL PROCESS PICK-UP FORM

CAUSE NUMBER: **2013 52059**

ATY_____     CIV ✓          COURT **133**

### REQUESTING ATTORNEY/FIRM NOTIFICATION

Attorney: **Haroon Rafati**                    Phone: **210 573 3123**
Civil Process Server/Filer: **PCP #45**        Phone: **713 227 5058**

Attorney/Firm Notified Service Ready: _____    Date: *Friday, September 06, 2013*

Contacted By: *Nelson Cuero*
                        Deputy District Clerk

30th day after date of Issuance **10-06-2013**

| Type of Service Document: | CITC | Tracking number: | 72944212 |
|---|---|---|---|
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |

The above process papers were prepared by: *Nelson Cuero*
                                            Deputy District Clerk

On this the **6th** day of **September** **2013**,

Process papers released to: _____ *CLC* _____

Process papers released by: _____

On this the **6** day of **Sept**, 2013 at **11:05** AM/PM

CONFIRMED FILE DATE: 9/6/2013

S:\Forms\Lib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Pick-up Form                Rev. 1/2000

**PROCESS SERVED**
**AFFIDAVIT ATTACHED**

RECEIPT NUMBER   467981          0.00
TRACKING NUMBER   72944212        CIV

P2

CAUSE NUMBER   201352059

PLAINTIFF: GRANNUM, MICHAEL
vs.
DEFENDANT: QATAR AIRWAYS Q C S C (D/B/A QUATAR AIRWAYS)

In The   133rd
Judicial District Court of
Harris County, Texas

**F I L E D**
Chris Daniel
District Clerk

SEP 18 2013

Time: _____
Harris County, Texas
By _____ Deputy

THE STATE OF TEXAS
County of Harris

**CITATION CORPORATE**

TO: QATAR AIRWAYS Q C S C (D/B/A QUATAR AIRWAYS) Q C S C CORPORATION MAY
BE SERVED BY SERVING DEFENDANT'S REGISTERED AGENT ROBERT G PEEK
1201 FANNIN STREET SUITE 131  HOUSTON TX 77002

Attached is a copy of   PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE REQUEST FOR
PRODUCTION REQUEST FOR INTERROGATORIES AND REQUEST FOR ADMISSIONS

This instrument was filed on the ___5th___ day of ___September___, 20_13_, in the
above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___6th___ day of
___September___, 20_13_.

Issued at request of:
RAFATI, HAROON
6903 BARRINGTON CT.
SAN ANTONIO, TX 78249
Tel: (210) 573-3123
Bar Number:   24081111

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: CUERO, NELSON   7MM/YSW/9657196

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at _____ o'clock ____.M., endorsed
the date of delivery thereon, and executed it at _____,
                                                              (street address)                                  (city)
in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ____. M.,
by delivering to _____, by delivering to its
                                  (the defendant corporation named in citation)
_____, in person, whose name is _____
(registered agent, president, or vice-president)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                          (description of petition, e.g., "Plaintiffs Original")
and with accompanying copies of _____.
                                                  (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.
FEE: $ _____                          By: _____
                                                              (signature of officer)
                                            Printed Name: _____
                                            As Deputy for: _____
_____                                (printed name & title of sheriff or constable)
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 ___

_____
Notary Public

N.INT.CITC.P

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**133rd District Court of HARRIS County, Texas**
201 CAROLINE, 11 FL HOUSTON TX 77002

**Case #: 201352059**

MICHAEL GHANNOUM

*Plaintiff*
vs
QATAR AIRWAYS Q.C.S.C. D/B/A QUATAR AIRWAYS Q.C.S.C. CORPORATION

*Defendant*

<u>RETURN OF SERVICE</u>

    I, Louis Conant, make statement to the fact;
That I am a competent person more than 18 years of age and not a party to this
action, nor interested in the outcome of the suit.  That I received the documents
stated below on 09/12/13 7:59 am, instructing for same to be delivered upon Qatar
Airways Q.C.S.C. D/B/A Quatar Airways Q.C.S.C. Corporation By Delivering To
Registered Agent Robert J Peek.
That I delivered to      : Qatar Airways Q.C.S.C. D/B/A Quatar Airways Q.C.S.C. Corporation
                           By Delivering To Registered Agent Robert J Peek.

the following            : CITATION; PLAINTIFF'S ORIGINAL PETITION, INTERROGATORIES,
                           REQUESTS FOR PRODUCTION, REQUEST FOR ADMISSIONS, AND REQUEST FOR
                           DISCLOSURE

at this address          : 1201 Fannin St Ste 131
                           Houston, Harris County, TX 77002

Manner of Delivery       : by PERSONALLY delivering the document(s) to the person above.

Date and time            : SEP 16, 2013 1:45 pm

My name is Louis Conant, my date of birth is JUL 19th, 1965, and my address is

Professional Civil Process Houston, 1500 McGowen, Suite 140, Houston TX 77004, and

U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, State of Texas, on the ____16th____ day of

___September___, 20_13_.

                                                                    _____
                                                                              Declarant
                                           Louis Conant

                                           Texas Certification#: SCH-5959 Exp. 10/21/2015

Private Process Server
Professional Civil Process of Texas, Inc        PCP Inv. #H13900268
103 Vista View Trail Spicewood TX 78669         Reference : ED101J017693850
(512) 477-3500

                                       + Service Fee:  65.00
                                         Witness Fee:    .00
                                         Mileage Fee:    .00
tomcat          AX02A13901210
                                                Rafati, Haroon

Official Copy Office of Chris Daniel DISTRICT CLERK

# Exhibit B

Filed 13 September 5 A8:32
Chris Daniel - District Clerk
Harris County
ED101J017693850
By: Sharon Carlton

CAUSE NO. 2013-52059 / Court: 133

| | | |
|---|---|---|
| MICHAEL GHANNOUM | § | IN THE DISTRCIT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | OF HARRIS COUNTY TEXAS |
| | § | |
| QATAR AIRWAYS Q.C.S.C. d/b/a | § | |
| QUATAR AIRWAYS Q.C.S.C. | § | |
| CORPORATION, | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MICHAEL GHANNOUM, plaintiff ("PLAINTIFF"), filing this Original Petition, Requests for Disclosure, Interrogatories, Requests for Admission, Requests for Production, and complaining of QATAR AIRWAYS Q.C.S.C. d/b/a QUATAR AIRWAYS Q.C.S.C. CORPORATION, defendant ("DEFENDANT"), and shows:

### DISCOVERY LEVEL

1.    PLAINTIFF intends that discovery be conducted under Level 2 of Texas Rules of Civil Procedure 190.3 and seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### PARTIES

2.    PLAINTIFF is an individual who resides in Bexar County, Texas.

3.    The last three numbers of PLAINTIFF's social security number are 481.

4.    DEFENDANT is corporation based out of Qatar who is registered to conduct business in Texas and may be served with citation by serving DEFENDANT's registered agent for service of process, ROBERT J. PEEK, at the following address:

CAUSE NO. _____

a) ROBERT J. PEEK
   1201 FANNIN STREET, SUITE 131
   HOUSTON, TX 77002

b) Service of citation is requested at this time.

## JURISDICTION

5.     This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements and the damages sought are within this Court's jurisdictional limits.

## VENUE

6.     Venue is permissive in Harris County under Texas Civil Practice & Remedies Code section 134.004 because it is the county where the DEFENDANT's principal office in this state is located.

## FACTS

7.     On May 9, 2013, after 5 years of service with DEFENDANT as a pilot, PLAINTIFF was placed on suspension by DEFENDANT's CEO, Akbar Al Baker ("AL BAKER"). In a meeting on said date between AL BAKER and PLAINTIFF, AL BAKER made several demeaning and false allegations to PLAINTIFF - all of which were unrelated to any rule of employment or contract of employment between DEFENDANT and PLAINTIFF. These false allegations were in regards to PLAINTIFF's relationship with a flight attendant who was also employed with DEFENDANT. AL BAKER displayed several pictures to PLAINTIFF which were taken of PLAINTIFF while PLAINTIFF was in a private setting. AL BAKER placed PLAINTIFF on suspension from work and threatened to "black list" PLAINTIFF all over the Persian Gulf (the "GULF") so that PLAINTIFF would not be able to work in any GULF countries.

CAUSE NO. _____

8.    On May 16, 2013 PLAINTIFF was taken off of suspension and allowed to return to work. On June 2, 2013 PLAINTIFF was again placed on suspension.  On June 4, 2013 AL BAKER fired PLAINTIFF from PLAINTIFF's employ with DEFENDANT. PLAINTIFF was never given a reason for his termination and was never paid for his work in June 2013.

9.    Upon PLAINTIFF's termination, DEFENDANT withheld the return of $40,000.00 USD from PLAINTIFF for 24 days. DEFENDANT also cancelled PLAINTIFF's resident permit in QATAR and withheld PLAINTIFF's passport for 22 days which blocked PLAINTIFF from leaving QATAR. During that time, PLAINTIFF was prevented from going on interviews that he had in other countries with Fly Dubai and Air Arabia. PLAINTIFF also discovered that DEFENDANT made false and disparaging statements regarding PLAINTIFF to PLAINTIFF's prospective employers.

10.    On June 24, 2013 PLAINTIFF was forced, under duress due to the threat of exile from the GULF by DEFENDANT, to sign release documents releasing DEFENDANT of any claims PLAINTIFF may have against DEFENDANT. Embarrassingly, DEFENDANT withheld PLAINTIFF's passport and resident permit resulting in PLAINTIFF's ultimate deportation from Qatar by Qatari Immigration services.

**COUNT 1 – TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS**

11.    PLAINTIFF repeats, realleges, and hereby incorporates all of the material factual allegations in the preceding paragraphs.

12.    PLAINTIFF was prepared to enter into a contract/s with and/or had an ongoing business relationship/s with Fly Dubai or Air Arabia, and/or another airline company in the GULF.

**CAUSE NO. _____**

13.   DEFENDANT knew of PLAINTIFF's prospective contract/s and/or ongoing business relationship/s with Fly Dubai, Air Arabia, and/or another airline company in the GULF and intentionally interfered with it.

14.   DEFENDANT's actions were independently tortious and/or unlawful, regardless of the effect those actions had on PLAINTIFF's prospective contract and/or business relationship with Fly Dubai, Air Arabia, and/or another airline company in the GULF.

15.   PLAINTIFF suffered actual damages and loss because DEFENDANT's interference prevented PLAINTIFF from entering into the prospective contract and/or business relationship with Fly Dubai, Air Arabia, and/or another airline company in the GULF.

16.   DEFENDANT's interference proximately caused injury to PLAINTIFF, which resulted in the damages more fully described herein below.

**COUNT 2 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

17.   PLAINTIFF repeats, realleges, and hereby incorporates all of the material factual allegations in the preceding paragraphs.

18.   PLAINTIFF brings suit against DEFENDANT in PLAINTIFF's individual capacity.

19.   DEFENDANT's conduct described above, and other conduct by DEFENDANT, was intentional and/or reckless.

20.   DEFENDANT's conduct was extreme and outrageous.

21.   DEFENDANT's conduct proximately caused severe emotional distress to PLAINTIFF.

22.   PLAINTIFF's severe emotional distress cannot be remedied by any other cause of action.

**CAUSE NO. _____**

23.     DEFENDANT's wrongful conduct caused injury to PLAINTIFF, which resulted in the damages more fully described herein below.

### COUNT 3 – INTRUSION ON SECLUSION

24.     PLAINTIFF repeats, realleges, and hereby incorporates all of the material factual allegations in the preceding paragraphs.

25.     DEFENDANT intentionally intruded on PLAINTIFF's solitude, seclusion, and/or private affairs when DEFENDANT followed, spied on, investigated, and/or took pictures of PLAINTIFF in private settings.

26.     The intrusion was a kind that would be highly offensive to a reasonable person in PLAINTIFF's situation in the community in which the offense took place.

27.     DEFENDANT's wrongful acts caused injury to PLAINTIFF, which resulted in the damages more fully described herein below.

### COUNT 4 – PUBLIC DISCLSURE OF PRIVATE FACTS

28.     PLAINTIFF repeats, realleges, and hereby incorporates all of the material factual allegations in the preceding paragraphs.

29.     DEFENDANT publicized information about PLAINTIFF's private life.

30.     The publicity of PLAINTIFF's private information would be highly offensive to a reasonable person in PLAINTIFF's situation in the community in which the offense took place.

31.     The information publicized was not of legitimate public concern.

32.     DEFENDANT's wrongful acts caused injury to PLAINTIFF, which resulted in the damages more fully described herein below.

### COUNT 5 – DEFAMATION

CAUSE NO. _____

33. PLAINTIFF repeats, realleges, and hereby incorporates all of the material factual allegations in the preceding paragraphs.

34. DEFENDANT published a statement by oral communication, written communication, and/or conduct asserting as fact that PLAINTIFF had engaged in certain conduct that was inappropriate and in breach of PLAINTIFF's contract with DEFENDANT.

35. DEFENDANT's statement involved a private issue.

36. DEFENDANT's statement referred to PLAINTIFF by name and/or indirectly.

37. DEFENDANT's statement was defamatory because it unambiguously, by innuendo, and/or by implication characterized PLAINTIFF as person of bad character.

38. DEFENDANT's written and/or graphic statement was libel per se as defined by Texas Civil Practice & Remedies Code section 73.001 because DEFENDANT's statement:

    a) injured PLAINTIFF's reputation and exposed PLAINTIFF to public hatred, contempt, ridicule, or financial injury; and/or

    b) impeached PLAINTIFF's honesty, integrity, virtue, or reputation.

39. DEFENDANT's oral, written, and/or graphic statement was defamatory per se under the common law because DEFENDANT's statement

    a) injured PLAINTIFF in PLAINTIFF's office, profession, and/or occupation; and/or

    b) imputed sexual misconduct to PLAINTIFF.

40. DEFENDANT's statement was false.

41. DEFENDANT is strictly liable to PLAINTIFF for the defamation.

42. DEFENDANT's wrongful acts caused injury to PLAINTIFF, which resulted in the damages more fully described herein below.

CAUSE NO. _____

## COUNT 6 - BUSINESS DISPARAGEMENT

43.    PLAINTIFF repeats, realleges, and hereby incorporates all of the material factual allegations in the preceding paragraphs.

44.    DEFENDANT published a disparaging written and/or oral statement about PLAINTIFF's individual character, qualifications as a pilot, performance as an employee, and/or qualifications and performance as a pilot.

45.    The statement was false.

46.    DEFENDANT published the statement with malic and/or actual malice.

47.    DEFENDANT published the statement without privilege.

48.    DEFENDANT's wrongful acts caused injury to PLAINTIFF, which resulted in the damages more fully described herein below.

## VICARIOUS LIABILITY – AGENCY

49.    PLAINTIFF repeats, realleges, and hereby incorporates all of the material factual allegations in the preceding paragraphs.

50.    At all times DEFENDANT had:

    a) Intentionally granted AL BAKER the authority to act on DEFENDANT's behalf;

    b) Intentionally allowed AL BAKER to believe that he had the authority to act on DEFENDANT's behalf; OR

    c) Through lack of due care, allowed AL BAKER to believe that actions taken on behalf of DEFENDANT were authorized.

51.    At all times AL BAKER was acting within the scope of the authority granted to AL BAKER by DEFENDANT.

CAUSE NO. _____

## VICARIOUS LIABILITY – APPARENT AGENCY

52. At all times DEFENDANT had:

   a) Affirmatively held AL BAKER out as having authority to act on DEFENDANT's behalf;

   b) Knowingly permitted the appearance that AL BAKER was authorized to act on DEFENDANT's behalf; OR

   c) Acted with such a lack of ordinary care as to clothe AL BAKER with the indicia of authority to act on DEFENDANT's behalf.

53. DEFENDANT's conduct caused PLAINTIFF to reasonably believe that AL BAKER had authority to act on DEFENDANT's behalf.

54. PLAINTIFF justifiably relied on AL BAKER's, authority to act on DEFENDANT's behalf.

## VICARIOUS LIABILITY – RESPONDEAT SUPERIOR

55. The acts of AL BAKER were performed while in the employment of DEFENDANT and were within the course and scope of that employment or within the authority delegated to the AL BAKER as employee of DEFENDANT.

## VICARIOUS LIABILITY – RATIFICATION

56. At all times AL BAKER was acting on DEFENDANT's behalf.

57. After the events complained of DEFENDANT was fully aware of AL BAKER's acts and approved them by DEFENDANT's actions and/or statements.

58. DEFENDANT approved AL BAKER's acts with the intent to validate them.

## DAMAGES

59. PLAINTIFF seeks unliquidated damages within the jurisdictional limits of this Court.

CAUSE NO. _____

60.     As a direct and proximate result of DEFENDANT's actions described above, PLAINTIFF suffered the following injuries and damages:

     a) Loss of dignity, loss of reputation in the airline industry, emotional stress, loss of money, loss of job and loss of job opportunities;

     b) Mental anguish suffered from the date and time of injury and that will in all reasonable probability be suffered in the future;

     c) DEFENDANT's false statement described in COUNT 5 – DEFAMATION was defamatory per se, which entitles PLAINTIFF to a presumption of general damages.

     d) DEFENDANT's false statement described in COUNT 5 – DEFAMATION resulted in special damages to PLAINTIFF; and

     e) Lost wages and lost earning capacity to be determined by a Bexar County Jury to be fair and reasonable.

61.     PLAINTIFF alleges that these sums, taken cumulatively, are well in excess of the minimum jurisdictional limits of this court for which DEFENDANT should be made to pay.

62.     PLAINTIFF seeks unliquidated damages within the jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

63.     PLAINTIFF's injury resulted from DEFENDANT's malice or actual fraud, which entitles PLAINTIFF to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

64.     PLAINTIFF seeks exemplary damages from DEFENDANT because AL BAKER's acts were fraudulent, malicious, and/or willful and were performed while AL BAKER was DEFENDANT's agent and/or employee, and

CAUSE NO. _____

   a) DEFENDANT authorized the doing and the manner of AL BAKER's acts;

   b) AL BAKER was unfit and DEFENDANT acted recklessly in employing or retaining AL BAKER;

   c) AL BALER was acting in the scope of AL BAKER's employment for DEFENDANT in a managerial capacity; and/or

   d) DEFENDANT ratified or approved AL BAKER's acts.

### CONDITIONS PRECEDENT

65. All conditions precedent to PLAINTIFF's claims for relief have been performed or have occurred.

### COURT COSTS

66. PLAINTIFF requests that PLAINTIFF recover from DEFENDANT all costs incurred pursuant to Texas Rule of Civil Procedure 131.

### REQUESTS FOR DISCLOSURE

67. PLAINTIFF requests that the DEFENDANT respond to the disclosures mandated by the Texas Rules of Civil Procedure 194.2 within fifty (50) days of its receipt of this suit.

68. Under Texas Rules of Civil Procedure 190.2(b)6, PLAINTIFF requests from DEFENDANT disclosure of all documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses within fifty (50) days of its receipt of this suit. A request for disclosure made pursuant to rule 190.2(b)6 is not considered a request for production.

### TRIAL BY JURY

69. PLAINTIFF hereby demands a trial by jury.

### PRAYER

**CAUSE NO. _____**

70.    For these reasons, PLAINTIFF asks that the Court issue citation for DEFENDANT to

appear and answer, and that PLAINTIFF be awarded a judgment against DEFENDANT for the

following:

a)  Actual, consequential and compensatory damages in a sum within the
jurisdictional limits of the Court to be determined by a Bexar County jury to be
fair and reasonable;

b)  Physical pain in the past and the future;

c)  Mental pain in the past and the future;

d)  Physical impairment in the past and the future;

e)  Medical expenses in the past and the future;

f)  Loss of use of PLAINTIFF's vehicle;

g)  Loss of wages;

h)  Exemplary damages;

i)  Court costs;

j)  Attorney's fees;

k)  Pre-judgment and post-judgment interest to the maximum extent permitted by
applicable law; and

l)  Such other and further relief to which the PLAINTIFF deems PLAINTIFF to be
justly entitled.

RESPECTFULLY SUBMITTED,
**THE RAFATI LAW FIRM, PLLC**
6903 Barrington Ct.
San Antonio, Texas 78249
P: 210-573-3123
F: 210-593-0407
E: Haroon@RafatiLaw.com

CAUSE NO. _____

BY: _____
HAROON RAFATI
Texas Bar No. 24081111
**ATTORNEYS FOR PLAINTIFF**

## DISCOVERY REQUESTS

PLAINTIFF serves these Interrogatories, Requests for Admission, and Requests for Production on DEFENDANT, as allowed by Texas Rule of Civil Procedure 196-198. Within 50 days after service DEFENDANT must:

a) answer each interrogatory separately, fully, in writing, and under oath;

b) admit or deny each request for admission; AND

c) produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying at Gene Toscano, Inc., 846 Culebra Rd., Ste. 104, San Antonio, Texas 78201.

## INSTRUCTIONS

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## DEFINITIONS FOR ALL REQUESTS AND INTERROGATORIES

1.    "PLAINTIFF" or "DEFENDANT," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.    "You" or "your" means DEFENDANT, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of DEFENDANT or its successors, predecessors, divisions, and subsidiaries.

3.    "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former

## CAUSE NO. _____

directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, bills of sale, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets and employment verifications.

4.    "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies, and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges, USB drives), microfiche and punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

5.    "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6.    "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.    "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

8.    "Contract" means the agreement that is the subject of this lawsuit.

9.    "Identify" or "describe," when referring to a person, means you must state the following:

    a)  The full name.

    b)  The present or last known residential address and residential telephone number.

CAUSE NO. _____

c) The present or last known office address and office telephone number.

d) The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.

e) In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

10.   "Identify" or "describe," when referring to a document, means you must state the following:

a) The nature of the document (e.g., letter, handwritten note).

b) The title or heading that appears on the document.

c) The date of the document and the date of each addendum, supplement, or other addition or change.

d) The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

e) The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

## INTERROGATORIES

**INTERROGATORY 1:**    Please state your full name and the full name of all persons answering these Interrogatories and Requests for Admissions in the above styled and numbered cause including any other names ever used by you during your lifetime, including nicknames attributed to you, date of birth, all social security numbers ever held or used by you, driver's license numbers and class of license, including any restrictions thereon, your present address, occupation, marital status and citizenship.

**INTERROGATORY 2:**    Has DEFENDANT ever been arrested for, convicted of, or plead guilty to a felony, misdemeanor, or a crime involving moral turpitude? If so, please identify the dates, states, counties and cause numbers in the cases where DEFENDANT or DEFENDANT's agents or employees were arrested or convicted.

**INTERROGATORY 3:**    Did PLAINTIFF have any conversations with DEFENDANT or any of DEFENDANT's agents or employees concerning any of the issues involved in this suit? If so, please state who was present at such conversations and exactly what was said identifying who said what.

**INTERROGATORY 4:**    Please identify each and every adjuster, claims handler and/or investigator that has investigated this claim if any.

**CAUSE NO. _____**

**INTERROGATORY 5:**    State all contentions that DEFENDANT is not liable to PLAINTIFF as alleged.

**INTERROGATORY 6:**    State in detail all admissions and statements, including those against pecuniary, proprietary, or penal interest, made by PLAINTIFF that are not fully set forth in any written statement you have produced in response to a request for Production or Disclosure.

**INTERROGATORY 7:**    Identify any statement, recording, or admission concerning the matters at issue in this lawsuit made by any relevant party, including to whom the statement was made, and by whom it was taken.

**INTERROGATORY 8:**    If an investigation was conducted by DEFENDANT or any government agency concerning any of the issues in this suit, please identify the person who conducted each investigation, and if said person does not now have custody of records or reports concerning the investigation, the name and address of the person now having custody of the records or report made concerning each investigation.

**INTERROGATORY 9:**    Has DEFENDANT ever been involved in a lawsuit other than this one? If so, list the cause number, the court in which suit was filed, the attorney involved and the disposition of the suit.

**REQUESTS FOR ADMISSION**

ADMIT OR DENY THE FOLLOWING STATEMENTS:

**REQUEST 1:**    All of the facts alleged in PLAINTIFF's petition occurred on the date alleged in PLAINTIFF's petition.

**REQUEST 2:**    All of the facts alleged in PLAINTIFF's petition occurred in the locale alleged in PLAINTIFF's petition.

**REQUEST 3:**    AL BAKER was the CEO, an employee, and/or acting as an agent with actual authority on behalf of DEFENDANT during the time period alleged in PLAINTIFF's petition.

**REQUEST 4:**    PLAINTIFF was employed with DEFENDANT as a pilot.

**REQUEST 5:**    PLAINTIFF's employment was terminated by DEFENDANT on or about May 9, 2013.

**REQUEST 6:**    PLAINTIFF's employment was terminated by AL BAKER.

**REQUEST 7:**    AL BAKER threatened PLAINTIFF that AL BAKER would have PLAINTIFF black listed in the GULF, preventing PLAINTIFF from gaining employment in the GULF.

CAUSE NO. _____

**REQUEST 8:**      AL BAKER was acting with actual and/or apparent authority, was acting in the course and scope of his employment, and/or DEFENDANT ratified AL BAKER's actions when AL BAKER terminated PLAINTIFF's employment.

**REQUEST 9:**      AL BAKER had PLAINTIFF followed, investigated, and/or spied on.

**REQUEST 10:**      AL BAKER was acting with actual and/or apparent authority, was acting in the course and scope of his employment, and/or DEFENDANT ratified AL BAKER's actions when AL BAKER had PLAINTIFF followed, investigated, and/or spied on.

**REQUEST 11:**      The venue as alleged in PLAINTIFF's Original Petition is the proper venue for this cause of action.

**REQUEST 12:**      AL BAKER maliciously published false defamatory statements about PLAINTIFF's character to third parties including PLAINTIFF's prospective employers in the GULF.

**REQUEST 13:**      DEFENDANT has been properly named in this lawsuit.

**REQUEST 14:**      DEFENDANT has been properly served with citation in this lawsuit.

**REQUEST 15:**      AL BAKER was acting with actual and/or apparent authority, was acting in the course and scope of his employment, and/or DEFENDANT ratified AL BAKER's actions when AL BAKER maliciously published false defamatory statements about PLAINTIFF's character to third parties including PLAINTIFF's prospective employers in the GULF.

**REQUEST 16:**      You were using (texting, talking, typing, or any other use) a mobile phone and/or any other mobile device (electronic or otherwise) while driving your vehicle at the time of the CRASH.

**REQUEST 17:**      PLAINTIFF suffered the injuries alleged in PLAINTIFF's petition.

**REQUEST 18:**      DEFENDANT's actions caused PLAINTIFF to incur a minimum of $250,000.00 in damages.

## REQUESTS FOR PRODUCTION
## INSTRUCTIONS ON REQUESTS FOR PRODUCTION

1.      Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.      For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any

**CAUSE NO. _____**

facts about the lost document.

   a)  When identifying the document, you must state the following:

       i)   The nature of the document (e.g., letter, handwritten note).

      ii)   The title or heading that appears on the document.

     iii)   The date of the document and the date of each addendum, supplement, or other addition or change.

     iv)   The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

   b)  When identifying the person, you must state the following:

       i)   The full name.

      ii)   The present or last known residential address and residential telephone number.

     iii)   The present or last known office address and office telephone number.

     iv)   The present occupation, job title, employer, and employer's address.

**PRODUCE ALL OF THE FOLLOWING:**

**REQUEST 1:**     All impeachment evidence regarding PLAINTIFF which DEFENDANT intends to use at deposition and/or trial. This request is being made pursuant to Texas Rule of Evidence 609.

**REQUEST 2:**     Copies or duplicates of any photographs, video tapes, films or visual recordings taken of PLAINTIFF by DEFENDANT, AL BAKER, DEFENDANT's agents or employees, AL BAKER's agents or employees, and/or any person or entity hired by DEFENDANT or AL BAKER to investigate, follow, spy on, or take photographs, videos, films or other visual recordings of PLAINTIFF.

**REQUEST 3:**     A legible copy of all of DEFENDANT's Federal, State and/or foreign certificates of formation.

**REQUEST 4:**     Copies of any statements given by the DEFENDANT concerning the subject matter of this lawsuit, including any written, recorded, videotaped statements signed or otherwise adopted or approved by the DEFENDANT.

**REQUEST 5:**     Copies or photographs of any exhibits the DEFENDANT intends to offer at the trial of this case.

**CAUSE NO.** _____

REQUEST 6:      Complete copies of all indemnity and insuring agreements maintained by DEFENDANT. Particularly the documents should include the full policy with all endorsements and jackets and specify all coverage terms, deductibles, exclusions, and policy limits.

REQUEST 7:      Copies of all letters written to or by the DEFENDANT which pertain to DEFENDANT's insurance coverage including but not limited to right of reservation letters and/or letters of rejection from any person, company, agent, insurance agent or attorney, including any coverage attorney.

REQUEST 8:      Any and all documents that support your response to Interrogatory 5.

REQUEST 9:      Any document, recording, memorandum, or other such material that reflects the contents of any statement or admission identified in response to Interrogatory 7 or 8.

REQUEST 10:      All diaries, notes, or similar documents prepared by the DEFENDANT, AL BAKER, and/or DEFENDANT's employees and/or servants, other than the attorneys for DEFENDANT, which relate to the facts alleged in PLAINTIFF's petition.

REQUEST 11:      All notes, memorandums, written communications, electronically stored data and communications, photographs, movies, maps, surveillance, investigative reports, videotapes, slides, drawings, charts, recordings, modules, re-enactments, audiotapes, written statements, and tests related to the facts alleged in PLAINTIFF's petition.

REQUEST 12:      A copy of, or supply a time and place for PLAINTIFF to view and/or copy, all notes, memorandums, written communications, electronically stored data and communications, photographs, movies, maps, surveillance, investigative reports, videotapes, slides, drawings, charts, recordings, modules, re-enactments, audiotapes, written statements, and tests related to PLAINTIFF or any other party in this lawsuit.

REQUEST 13:      Copies of all witness statements taken, whether signed or unsigned, written, oral, or transcribed, involving the facts alleged in PLAINTIFF's petition which are in the possession, custody, or control of DEFENDANT, including any statements made by PLAINTIFF.

REQUEST 14:      True and correct copies of any and all documents reviewed or relied upon by DEFENDANT in answering these Interrogatories, Requests for Admission, and Requests for Production.

REQUEST 15:      True and correct copies of any and all documents retrieved by DEFENDANT as a result of the use of any authorizations provided by PLAINTIFF.

REQUEST 16:      True copies of all documents in the possession of DEFENDANT or DEFENDANT's attorneys the sole basis of which is to impeach PLAINTIFF.

**CAUSE NO. _____**

REQUEST 17:  True and correct copy of DEFENDANT's insurer's claim file.

REQUEST 18:  A true copy of any written depositions taken pursuant to the Texas Rules
of Civil Procedure.

Filed 13 October 3 P1:39
Chris Daniel - District Clerk
Harris County
ED101J017750303
By: Charlie Tezeno

Cause No. 2013-52059

| | | |
|---|---|---|
| MICHAEL GHANNOUM, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| QATAR AIRWAYS Q.C.S.C. d/b/a | § | |
| QUATAR AIRWAYS Q.C.S.C. | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | 133rd JUDICIAL DISTRICT |

## DEFENDANT'S OBJECTION TO VENUE AND ORIGINAL ANSWER SUBJECT THERETO

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, defendant Qatar Airways Q.C.S.C. d/b/a Quatar Airways Q.C.S.C. Corporation ("Defendant") and files this Objection to Venue and Original Answer Subject Thereto ("Answer") to Plaintiffs' Original Petition, Interrogatories, Requests for Production, Requests for Admissions, and Requests for Disclosure ("Petition"), and would respectfully show the Court as follows:

### I. OBJECTION TO VENUE

Defendant objects that venue is not proper in Harris County, Texas, or any other county in Texas, because all of the actions alleged in the Petition occurred in the sovereign State of Qatar. Accordingly, the Court should dismiss this case on the grounds of forum non conveniens. Subject to and without waiving this objection, Defendants answers as follows:

### II. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation and cause of action set forth in the Petition, and any further amended or supplemental petition, and demands strict proof thereof as required by the Constitution and the laws of the State of Texas.

### III.  AFFIRMATIVE DEFENSES

As authorized by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following affirmative defense:

> (1)    All of the actions alleged in the Petition occurred in the sovereign State of Qatar, so the Court should dismiss this case on the grounds of forum non conveniens.

### IV.  RESERVATION OF RIGHTS

Defendant reserves the right to amend and supplement this Answer in accordance with the Texas Rules of Civil Procedure.

### V.  PRAYER

WHEREFORE, Defendant respectfully requests that the Court, upon a final hearing of this matter, dismiss with prejudice all claims set forth in the Petition, and any amended or supplemental petition, and award Defendant such further relief at law or equity, general or specific, to which it may be justly entitled.

Respectfully submitted,

By: _____

S. Cass Weiland
State Bar No. 21081300
Email: cweiland@pattonboggs.com
Robert A. Hawkins
State Bar No. 00796726
Email: rhawkins@pattonboggs.com
Matthew A. Durfee
State Bar No. 24069654
Email: mdurfee@pattonboggs.com
**PATTON BOGGS LLP**
2000 McKinney Ave., Suite 1700
Dallas, Texas 75201
Telephone: 214-758-1500
Facsimile: 214-758-1550

**ATTORNEYS FOR DEFENDANT QATAR AIRWAYS Q.C.S.C.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Objection to Venue and Original Answer Subject Thereto has been served upon all counsel of record listed below via certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure and local rules on this the 3rd day of October, 2013.

**CMRRR #7008 1830 0000 6640 5727**
Haroon Rafati
State Bar No. 24081111
The Rafati Law Firm, PLLC
6903 Barrington Ct.
San Antonio, Texas 78249
Phone: (210) 573-3123
Facsimile: (210) 593-0407
Email: Haroon@RafatiLaw.com

**ATTORNEY FOR PLAINTIFF**
**MICHAEL GHANNOUM**

Matthew A. Durfee

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GHANNOUM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| QATAR AIRWAYS Q.C.S.C. d/b/a | § | |
| QUATAR AIRWAYS Q.C.S.C. | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | |

## NOTICE THAT NO ORDERS HAVE BEEN ENTERED BY THE STATE COURT

Pursuant to Local Rule 81(3), Defendant Qatar Airways Q.C.S.C. d/b/a Quatar Airways Q.C.S.C. Corporation ("Qatar Airways") hereby provides the Court notice that no orders have been signed by the state court judge, or otherwise entered, in the action commenced by Plaintiff Michael Ghannoum against Qatar Airways in the 133rd Judicial District of Harris County, Texas; Cause Number 2013-52059.

Respectfully submitted,

By:  /s/ S. Cass Weiland
     S. Cass Weiland
     State Bar No. 21081300
     S.D. Texas Bar No. 1908
     Email: cweiland@pattonboggs.com
     Robert A. Hawkins
     State Bar No. 00796726
     S.D. Texas Bar No. 659849
     Email: rhawkins@pattonboggs.com
     Matthew A. Durfee
     State Bar No. 24069654
     S.D. Texas Bar No. 1409990
     Email: mdurfee@pattonboggs.com
     **PATTON BOGGS LLP**
     2000 McKinney Ave., Suite 1700
     Dallas, Texas 75201
     Telephone: 214-758-1500
     Facsimile: 214-758-1550
     **ATTORNEYS FOR DEFENDANT**

# Exhibit D

Office of Harris County District Clerk - Chris Daniel                    Page 1 of 1

**HCDistrictclerk.com**    GHANNOUM, MICHAEL vs. QATAR AIRWAYS Q C S    10/9/2013
                           C (D/B/A QUATAR AIRW
                           Cause: 201352059    CDI: 7    Court: 133

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 57632800 | Defendants Objection to Venue and Original Answer Subject Thereto | | 10/03/2013 | 3 |
| 57350237 | Citation Corporate | | 09/18/2013 | 2 |
| 57188800 | Civil Process Pick-Up Forms | | 09/06/2013 | 1 |
| 57173868 | Plaintiff's Original Petition, Interrogatories, Requests For Production, Requests For Admissions, And Requests For Disclosure | | 09/05/2013 | 19 |
| ·> 57173873 | Civil Case Information Sheet | | 09/05/2013 | 2 |

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL GHANNOUM §
§
    Plaintiff, §
§
vs. § CIVIL ACTION NO. _____
§
QATAR AIRWAYS Q.C.S.C. d/b/a §
QUATAR AIRWAYS Q.C.S.C. §
CORPORATION §
§
    Defendant. §

## INDEX OF MATTERS BEING FILED

Pursuant to Local Rule 81(5), the following is an index of all matters being filed:

| Exhibit | Document |
|---|---|
| N/A | Defendant's Notice of Removal |
| Exhibit A | Pursuant to L.R. 81(1), all executed process in the state court action |
| Exhibit B | Pursuant to L.R. 81(2), a copy of all pleadings in the state court action |
| Exhibit C | Pursuant to L.R. 81(3), a Notice That No Orders Have Been Entered by the State Court |
| Exhibit D | Pursuant to L.R. 81(4), a copy of the state court docket sheet |
| Exhibit E | Pursuant to L.R. 81(5), an Index of Matters Being Filed (This document) |
| Exhibit F | Pursuant to L.R. 81(6), a Counsel of Record List |
| N/A | Defendant's Certificate of Interested Persons |

Respectfully submitted,

By:   /s/ S. Cass Weiland
      S. Cass Weiland
      State Bar No. 21081300
      S.D. Texas Bar No. 1908
      Email: cweiland@pattonboggs.com
      Robert A. Hawkins
      State Bar No. 00796726
      S.D. Texas Bar No. 659849
      Email: rhawkins@pattonboggs.com
      Matthew A. Durfee
      State Bar No. 24069654
      S.D. Texas Bar No. 1409990
      Email: mdurfee@pattonboggs.com
      **PATTON BOGGS LLP**
      2000 McKinney Ave., Suite 1700
      Dallas, Texas 75201
      Telephone: 214-758-1500
      Facsimile: 214-758-1550

      **ATTORNEYS FOR DEFENDANT QATAR
      AIRWAYS Q.C.S.C.**

# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL GHANNOUM                    §
                                    §
         Plaintiff,                 §
                                    §
vs.                                 §        CIVIL ACTION NO. _____
                                    §
QATAR AIRWAYS Q.C.S.C. d/b/a        §
QUATAR AIRWAYS Q.C.S.C.             §
CORPORATION                         §
                                    §
         Defendants.                §

## COUNSEL OF RECORD LIST

Pursuant to Local Rule 81(6), Defendant Qatar Airways Q.C.S.C. d/b/a Quatar Airways

Q.C.S.C. Corporation hereby submits the following list of all counsel of record, including

addresses, telephone numbers and parties represented:

| | |
|---|---|
| S. Cass Weiland<br>State Bar No. 21081300<br>S.D. Texas Bar No. 1908<br>Email: cweiland@pattonboggs.com<br>Robert A. Hawkins<br>State Bar No. 00796726<br>S.D. Texas Bar No. 659849<br>Email: rhawkins@pattonboggs.com<br>Matthew A. Durfee<br>State Bar No. 24069654<br>S.D. Texas Bar No. 1409990<br>Email: mdurfee@pattonboggs.com<br>**PATTON BOGGS LLP**<br>2000 McKinney Ave., Suite 1700<br>Dallas, Texas 75201<br>Telephone: 214-758-1500<br>Facsimile: 214-758-1550<br><br>**ATTORNEYS FOR DEFENDANT QATAR AIRWAYS Q.C.S.C.** | Haroon Rafati<br>Texas State Bar No. 24081111<br>Email: Haroon@RafatiLaw.com<br>**THE RAFATI LAW FIRM, PLLC**<br>6903 Barrington Ct.<br>San Antonio, Texas 78249<br>Telephone: 210-573-3123<br>Facsimile: 210-593-0407<br><br>**ATTORNEY FOR PLAINTIFF MICHAEL GHANNOUM** |

COUNSEL OF RECORD LIST – Page 1

Respectfully submitted,

By:  /s/ S. Cass Weiland
    S. Cass Weiland
    State Bar No. 21081300
    S.D. Texas Bar No. 1908
    Email: cweiland@pattonboggs.com
    Robert A. Hawkins
    State Bar No. 00796726
    S.D. Texas Bar No. 659849
    Email: rhawkins@pattonboggs.com
    Matthew A. Durfee
    State Bar No. 24069654
    S.D. Texas Bar No. 1409990
    Email: mdurfee@pattonboggs.com
    **PATTON BOGGS LLP**
    2000 McKinney Ave., Suite 1700
    Dallas, Texas 75201
    Telephone: 214-758-1500
    Facsimile: 214-758-1550

    **ATTORNEYS FOR DEFENDANT QATAR AIRWAYS Q.C.S.C.**