IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL GHANNOUM, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. H-13-2994 |
| | § |
| QATAR AIRWAYS Q.C.S.C. d/b/a | § |
| QATAR AIRWAYS Q.C.S.C. | § |
| CORPORATION, | § |
| | § |
| Defendant. | § |

### FINAL JUDGMENT

For the reasons set forth in the separate Memorandum and Order signed by the Court this day, it is

ORDERED that Defendants' Motion to Dismiss for *Forum Non Conveniens* (Document No. 8) is conditionally GRANTED.

Further, it is

ORDERED that this case is DISMISSED without prejudice upon the following conditions:

   1. Plaintiff within 45 days after the date of this Order shall proceed with diligence to apply to Qatar for a visa or visas, or such other permit(s) as Qatar may require Plaintiff to obtain to allow Plaintiff to enter and freely to remain in Qatar, and to exit and reenter Qatar from time to time as may be necessary for Plaintiff to retain counsel, and to do whatsoever may be necessary to file and to prosecute to conclusion in the courts of Qatar his lawsuit against Defendant.

   2. Defendant forthwith shall in good faith diligently take all lawful actions within its power to help facilitate and support Plaintiff's application for such visa(s) or other permits(s) as may be required to allow him to file and prosecute his lawsuit in Qatar as above described.

3. If the government of Qatar within 120 days after the date that Plaintiff applies to Qatar for such visa(s) or permit(s) as may be required, should either deny or fail to act on Plaintiff's application, then Plaintiff may make verified proof of his diligent efforts to seek such permission, and of Qatar's denial of or failure to act on his application, to demonstrate that Qatar is not an adequate forum available to him for the filing and prosecution of his case.

4. In the event that the government of Qatar within the 120 days specified above grants to Plaintiff such visa(s) and permit(s) as required for him freely to enter and exit Qatar to file and prosecute his case in the courts of Qatar, Plaintiff shall proceed within 45 days thereafter to file his claim in the courts of Qatar, and not later than 45 days thereafter, Defendant shall appear and answer such lawsuit, fully waiving and relinquishing any defense(s) based upon statutes of limitations, laches, lack of personal jurisdiction, improper service of process, or the counterparts to such doctrines under the laws of Qatar, and shall otherwise fully join issue on the merits in the litigation for purposes of Plaintiff's claim being decided on the merits in the foreign venue. In the event that waiver of such statute of limitations is not permitted under the laws of Qatar, this condition shall not have been met, and Plaintiff may, upon filing verified proof of such, apply for reinstatement of his claims against Defendant in this Court.

This is a **FINAL JUDGMENT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 2nd day of September, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE